IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-40132

ARMANDO ZERTUCHE

Plaintiff - Appellant

V.

GREAT LAKES DREDGE & DOCK COMPANY, LLC

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
No. 7:07-cv-31

Before KING, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff Armando Zertuche appeals the district court's orders denying his motion to remand and granting the defendant's motion for summary judgment on his claim brought under the Jones Act, 46 U.S.C. §§ 30104–30105. For the reasons stated below, we reverse and remand this case to the district court with instructions to remand to the state court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Zertuche originally filed this Jones Act suit in the 381st Judicial District of Starr County, Texas, alleging that in April 2006 he was injured while working on a dredge owned by Great Lakes Dredge & Dock Company, LLC ("Great Lakes"). Great Lakes removed the suit to the United States District Court for the Southern District of Texas on the basis that Zertuche was not a seaman under the Jones Act. Zertuche filed a motion to remand, which the district court denied after concluding that Zertuche could not possibly establish his status as a seaman. Thereafter, the district court granted Great Lakes' motion for summary judgment based on the same conclusion.

## II. DISCUSSION

### A.

We review both the denial of a motion to remand and the grant of summary judgment de novo. Holmes v. Atl. Sounding Co., Inc., 437 F.3d 441, 445 (5th Cir. 2006).

A Jones Act claim is generally not removable. Id. at 445; see also Lackey v. Atl. Richfield Co., 990 F.2d 202, 207 (5th Cir. 1993). A district court "'may deny remand where, but only where, resolving all disputed facts and ambiguities in current substantive law in plaintiff's favor, the court determines that the plaintiff has no possibility of establishing a Jones Act claim on the merits.'" Holmes, 437 F.3d at 445 (quoting Hufnagel v. Omega Serv. Indus. Inc., 182 F.3d 340, 345–46 (5th Cir. 1999)). Thus, the burden of persuasion rests with the removing party, and this burden is a heavy one. Burchett v. Cargill, Inc., 48 F.3d 173, 176 (5th Cir. 1995).[1] While the district court must resist the

---

[1] Great Lakes argues that, since Zertuche has the ultimate burden of proof at trial on his seaman status, then he should have the burden affirmatively to establish that he qualifies as a seaman. In support of this argument, Great Lakes cites Becker v. Tidewater, Inc., 335 F.3d 376, 390 (5th Cir. 2003); however, Becker occurred at a different procedural stage. There was no motion to remand filed in Becker; instead, the court was only presented with a motion

temptation to pretry a case, it is allowed to use a "summary judgment-like procedure for disposing of fraudulent pleading claims." Burchett, 48 F.3d at 176. The district court should not attempt to resolve factual disputes regarding "matters of substance," and the "[j]urisdictional inquiry must not subsume substantive determination." Lackey, 990 F.2d at 208.

As the plaintiff in a Jones Act suit attempting to refute a fraudulent pleading allegation, Zertuche is entitled to rely upon the factual allegations contained in his petition as well as any affidavits or deposition transcripts submitted with the motion to remand. Id. In response, Great Lakes "may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal." Id. at 207. However, "the mere assertion of fraud is not sufficient to warrant removing the case to federal court." Id. (internal quotation marks omitted).

## B.

To qualify as a seaman under the Jones Act, a plaintiff must demonstrate that (1) his duties contribute to the function of a vessel or to the accomplishment of its mission and (2) he has a connection to a vessel in navigation that is substantial in terms of both its duration and nature. Chandris, Inc. v. Latsis, 515 U.S. 347, 368 (1995). The district court found, and Great Lakes concedes,

---

for summary judgment that was filed prior to trial. See also, e.g., Harbor Tug and Barge Co. v. Papai, 520 U.S. 548, 559 (1997) (noting, in the context of a motion for summary judgment, that the plaintiff failed to "identify with specificity" what tasks he performed during his prior employment with the defendant). Thus, the issue in Becker was "whether the district court erred by allowing the jury to decide whether plaintiff is a seaman." 335 F.3d at 386. In this case, the relevant burden of proof is on the motion to remand, not the motion for summary judgment. Great Lakes only filed the motion for summary judgment after the motion to remand was denied, and the district court's sole reasoning for granting the motion for summary judgment was its previous finding in the order on the motion to remand that Zertuche had no possibility of establishing his seaman status. Thus, our analysis focuses on the relevant standard applicable to the motion to remand.

that Zertuche satisfies the first requirement, leaving only the issue of substantial connection in dispute.

The purpose of the substantial connection requirement is to "separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based maritime workers who have only a transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea." Id. In determining whether an employee is a seaman rather than just a land-based employee temporarily working aboard a vessel, the court looks to the "total circumstances of an individual's employment" and must consider both "[t]he duration of a worker's connection to a vessel and the nature of the worker's activities." Id. at 370 (emphasis added). Thus, although the second prong is not merely temporal, it does include a temporal element. Id. at 371.

The Supreme Court adopted this court's general rule of thumb that a "worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act." Id. at 371 (suggesting that summary judgment is appropriate if the plaintiff clearly cannot reach this threshold level). While this general guideline looks at the entire length of a plaintiff's employment with the defendant, the Supreme Court allowed for an exception to this 30-percent requirement "[w]hen a maritime worker's basic assignment changes." Id. at 372. "If a maritime employee receives a new work assignment in which his essential duties are changed, he is entitled to have the assessment of the substantiality of his vessel-related work made on the basis of his activities in his new position." Id.

We applied this exception to the general 30-percent rule in Becker. Becker was an intern working in a land-based position. Due to a staffing shortage, he was assigned to replace a crew member aboard a vessel. Becker, 335 F.3d at 382. It was during the first day of his voyage that Becker sustained his injuries. Id.

at 383. Since he could not pass the 30-percent threshold, he could only qualify as a seaman if his reassignment changed his essential duties. Id. at 389 (citing Chandris, 515 U.S. at 372). We concluded that Becker did not fit into the exception for permanently reassigned employees because he was only temporarily assigned to the vessel and would have returned to land-based work immediately after the voyage. Id. at 391.

C.

In its order denying the motion to remand, the district court stated that "the central issue is whether Plaintiff's status as a temporarily assigned deckhand on a dredge establishes the second prong of the [Chandris] analysis." This was not the issue before the district court on the motion to remand; instead, it should have asked whether Zertuche's total employment with Great Lakes satisfied the general 30-percent rule. The district court erred by (1) disregarding Zertuche's affidavit rather than construing the disputed facts in his favor and (2) misapplying Chandris by analyzing the exception for reassigned employees without first determining if the general 30-percent rule was satisfied.

In his affidavit, Zertuche states that he began working for Great Lakes in September 2003 and he "worked as a deckhand for over fifty percent of the time of [his] employment with [Great Lakes]." He also describes his duties as a deckhand, which included performing routine maintenance on vessels. Great Lakes submitted an affidavit from the captain of the dredge on which Zertuche was working when he was injured. The captain asserts that Zertuche was first hired in January 2006 to be a dump foreman, not a deckhand. Thus, the evidence before the district court on the motion to remand created a dispute over material facts—how long Zertuche worked for Great Lakes and in what capacity. These two questions comprise the two elements of the second prong of the Chandris test—a connection to a vessel in navigation that is substantial in both nature and duration. Rather than resolving this factual dispute in favor of

Zertuche as the plaintiff opposing removal, the district court dismissed the allegations in Zertuche's affidavit in two footnotes in its order denying the motion to remand.

Footnote three states: "Although it is contested whether Plaintiff was considered a Deckhand or Dump Foreman at the time of injury, the Court finds that the Plaintiff's initial position as Dump Foreman is sufficient for purposes of satisfying the first prong of the seaman analysis." Although the district court was discussing the first prong, this footnote shows that the district court did not accept the allegations in Zertuche's affidavit. In that affidavit, he claims to have been hired as a deckhand, but the district court concluded that his initial position was as a dump foreman, which is the allegation made in the affidavit submitted by Great Lakes. Footnote four reads: "Plaintiff also states that he worked for Defendant for three years. However, it remains unclear what other positions Plaintiff maintained during those three years or . . . whether Plaintiff worked as a deckhand or as a Dump Foreman." The district court stated that it is "unclear" what positions Zertuche held prior to January 2006, but it failed to resolve this disputed fact in his favor based on his allegation that he spent over 50 percent of his employment with Great Lakes as a deckhand.[2]

In opposing removal, Zertuche is entitled to rely upon the allegations in his affidavit, and it is the heavy burden of Great Lakes to show that there is no possibility that Zertuche could prove these facts to establish his seaman status. To satisfy this burden, Great Lakes must pierce Zertuche's pleadings to show that the claim has been fraudulently pleaded. For example, Great Lakes could

---

[2] Insofar as the district court's order can be construed to include a finding regarding the nature element of the second prong of the Chandris test, it would have made the same error by not resolving this disputed fact in Zertuche's favor. Zertuche's affidavit alleges that he was doing deckhand work on the dredge and explains the nature of that work and its connection to a vessel. The affidavit submitted by Great Lakes alleges that Zertuche was hired as a dump foreman and remained a dump foreman at all times. This is another disputed material fact that the district court should have resolved in favor of Zertuche.

have submitted employment records either showing that Zertuche was first hired in 2006 or, if he was hired in 2003, that less than 30 percent of his assignments over the course of his entire employment were connected to a vessel in navigation. See, e.g., Breaux v. Halliburton Energy Servs., Inc., No. 04-1636, 2004 U.S. Dist. LEXIS 21418, at *5–7 (E.D. La. Oct. 22, 2004) (finding that defendant had pierced the pleadings to show that plaintiff could not possibly meet the 30-percent threshold by submitting objective evidence in the form of the plaintiff's employment records). Great Lakes did not submit any employment records, which are already in its control, to refute Zertuche's allegation that he spent 50 percent of his employment working as a deckhand. Accordingly, the district court should have remanded the case because Great Lakes did not carry its burden.

The district court did not attempt to calculate the percentage of time that Zertuche had worked aboard vessels in navigation while employed by Great Lakes. Instead, it glossed over the general 30-percent rule in Chandris and proceeded directly to the rule's exception for employees whose position has been fundamentally changed. The district court concluded that, like the plaintiff in Becker, Zertuche's assignment on the dredge was temporary and his status had not been permanently changed. We do not need to decide whether this conclusion was in error because the district court should have never reached the issue. In Becker, we applied this exception because the plaintiff had been working on the vessel for only one day and it was impossible for him to meet the 30-percent threshold. See Becker, 335 F.3d at 383. Here, the district court never made a finding that Great Lakes proved that Zertuche could not satisfy the general 30-percent rule. As described above, Zertuche alleged that he spent 50 percent of his total employment from 2003 through 2006 working as a deckhand, and Great Lakes' only rebuttal evidence was an affidavit stating that Zertuche

was first hired in 2006 as a dump foreman.[3] Under these circumstances, resolving all factual disputes in Zertuche's favor, Great Lakes did not carry its heavy burden of showing that there was no possibility of Zertuche establishing his seaman status. Accordingly, the district court should have remanded the suit to the state court.

## III. CONCLUSION

For the reasons stated above, we REVERSE the district court's orders denying the motion to remand and granting summary judgment, and we REMAND to the district court with instructions to remand the suit to the 381st Judicial District of Starr County, Texas.

---

[3] Great Lakes argues that Zertuche has the burden to prove the specific dates and names of the vessels on which he worked and that he did not include such details in his complaint or affidavit. See Habor Tug, 520 U.S. at 560. While it is true that Zertuche would have to prove these facts in order to ultimately sustain his burden at trial, this case is not at that procedural stage. Zertuche's allegations may not be detailed, but they are sufficient to put Great Lakes on notice. The only burden relevant to this appeal is Great Lakes' burden as the removing party to show that there is no possibility that Zertuche could establish his seaman status. Zertuche alleges that he worked as a deckhand more than 50 percent of the time since beginning with Great Lakes in 2003. Great Lakes is in control of its own employment records and could have easily shown that this allegation is false. Instead, Great Lakes attempted to substitute its burden on the motion to remand with Zertuche's burden on summary judgment, without Zertuche having conducted any discovery.